IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVAN DAVID WILES : | |
| : | |
| v. : | |
| : | |
| WILLIAM LAWTON, LIEUTENANT NIGHT, : | |
| SERGEANT BROWN, C/O C. QUARRELS, : | NO. 13-6445 |
| and SERGEANT MILES/OR MYLES : | |

**NORMA L. SHAPIRO, J.**                                                    **AUGUST 12, 2014**

## MEMORANDUM

Before the court is defendants' motion to dismiss plaintiff's complaint. Plaintiff Evan Wiles, in custody at SCI Huntingdon when he filed this action, alleges that he had been housed in an overcrowded cell while incarcerated in the Philadelphia Prison System. He claims that this condition violates his constitutional rights. Plaintiff brings this action under 42 U.S.C. § 1983. The court granted plaintiff's application to proceed *in forma pauperis* on January 6, 2014. On July 15, 2014, the City, on behalf of the named defendants, filed a motion to dismiss. The motion is unopposed.

### I. BACKGROUND

Plaintiff filed a handwritten complaint alleging counts against five defendants: Warden William Lawton, Lieutenant Night, Sergeant Brown, C/O C. Quarrels, and Sergeant Miles. Plaintiff alleges that during his incarceration within the Philadelphia Prison System he was placed in a three man cell (a two person cell with a plastic boat on the floor for a third inmate).[1] Plaintiff alleges that during his incarceration within the Philadelphia Prison System he slept on the boat in front of the

---

[1] *See Williams v. City of Philadelphia*, Civ. No. 08-1979, Docket No. 87. Actions for damages are excluded from the waiver in the settlement agreement between plaintiffs in the class action settlement on behalf of all current and future persons confined in the Philadelphia Prison System. Section X.A. states "plaintiffs do not waive their rights to pursue individual claims for monetary damages under federal or state law." All such actions have been assigned to this court.

toilet and was awoken many nights by "large insects, rodents or splashing from the toilet." Plaintiff alleges that he suffers from spider and rodent bites as well as chest pains.[2]

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss all or part of an action for failure to state a claim upon which relief can be granted.  A complaint must contain sufficient facts that, when accepted as true, state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). A complaint is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish a plausible allegation. *Id.*

## III.  DISCUSSION

Section 1983 provides a remedy for deprivation of rights established in the Constitution or by federal law.  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006).  If a plaintiff brings suit against individual defendants, personal wrongdoing must be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988).  The plaintiff must allege a defendant's personal involvement because a defendant cannot be held liable for a constitutional violation he did not participate in or approve.  *Baraka v. McGreevey,* 481 F.3d 187, 210 (3d Cir. 2007).

---

[2] Plaintiff attached a typed note to his complaint, along with several grievances and sick call slips, in which he states a doctor informed him he had developed a "Staph/MRSA" infection on his ear.  Plaintiff did not allege that injury in his complaint.

Plaintiff's complaint appears to allege a Section 1983 claim based on his housing in the overcrowded Philadelphia Prison System. He alleges he was placed in a three man cell and forced to sleep on the boat near the toilet which caused him to be awoken at night by "large insects, rodents or splashing from the toilet." He claims these conditions were inhumane. Plaintiff appears to be articulating a Section 1983 claim for violation of his Fourteenth Amendment right of due process. The Supreme Court has determined "a detainee may not be punished prior to an adjudication of guilt in accordance with the due process of law."[3] *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Plaintiff names the Warden of the House of Corrections, Lieutenant Night, Sergeant Brown, C/O C. Quarrels, and Sergeant Miles.[4] Plaintiff has failed to include any allegations that these defendants were personally involved in the alleged deprivation of his constitutional rights. His complaint includes only a reference of his family's attempt to reach Warden Lawton and that Lieutenant Night and Sergeant Brown informed him there was "nothing that they could do" about his housing. These allegations are not sufficient to state a claim against individual defendants under Section 1983.

## IV.  CONCLUSION

Defendants' motion to dismiss plaintiff's complaint will be granted. Plaintiff will be granted leave to amend his complaint. An appropriate order follows.

---

[3] Plaintiff does not allege that he is a pretrial detainee. However, since the court construes the facts in the light most favorable to the plaintiff for purposes of this motion, the court will assume he has not been convicted while in PPS custody.

[4] The City of Philadelphia did not accept service for these individual defendants, aside from Warden Lawton, because it claims either no persons with such names work for the Philadelphia Prison System or several persons with such names for the Philadelphia Prison System.